UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM CYR, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 14-cv-11653-IT |
| | * |
| LUIS SPENCER, | * |
| | * |
| Respondent. | * |

ORDER

December 15, 2014

TALWANI, D.J.

On June 20, 2014, Respondent filed a motion to dismiss Petitioner Cyr's petition for a writ of habeas corpus on the ground that Petitioner failed to exhaust state court remedies with respect to all three claims raised in the petition. Under Local Rule 7.1(b)(2), Petitioner had fourteen days to respond by either opposing the motion or requesting an extension of time to oppose the motion. In light of Petitioner's failure to respond to the motion, on October 14, 2014, the court ordered Petitioner to show cause within twenty-one days of the order for why his petition should not be dismissed for lack of prosecution. Petitioner has not responded to that order.

Moreover, Petitioner has failed to exhaust state court remedies with respect to all three claims raised in the petition. On appeal from his convictions for operating a motor vehicle under the influence, Petitioner raised only the following state law claim to the Massachusetts Appeals Court:

> The OUI indictments should have been dismissed pursuant to G.L. c. 90C §2 where the motor vehicle citation was not delivered to [him] until at least twelve (12) days after his accident.

See Mem. Law Supp. Respt's Mot. Dismiss Pet. Writ Habeas Corpus ("Respt's Mem."), Ex. 2, at 10-20 [#14]. After the Massachusetts Appeals Court affirmed the lower court's judgment, Petitioner sought leave to obtain further appellate review in the Massachusetts Supreme Judicial Court ("SJC"), raising the same state law issue. See Respt's Mem., Ex. 5, at 9. The SJC denied further appellate review. Commonwealth v. Cyr, 467 Mass. 1104 (2014).

Ground One of the petition raises the same claim that Petitioner raised before the Massachusetts Appeals Court and SJC. As raised before the Massachusetts Appeals Court and SJC, this claim was not presented as a federal claim, and a "reasonable jurist" would not have recognized "'the existence of [any] federal question.'" Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)). Thus, even if it were possible to liberally construe Ground One as alleging that Petitioner's detention is in violation of the Constitution or laws or treaties of the United States, Petitioner has failed to exhaust state court remedies as to any such claim.

As to Grounds Two and Three, Petitioner concedes that these claims for relief were not raised in state court. See Pet. Writ Habeas Corpus, at 8, 10 [#1]. Petitioner asserts that his counsel had advised him not to raise these issues on appeal in state court. Id. Such advice from counsel, however, does not excuse Petitioner from the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Rather, any error that Petitioner may allege based on his counsel's advice is more appropriately brought as a claim for ineffective assistance of counsel, which must first be exhausted in state court prior to seeking federal review.

For these reasons, Respondent's <u>Motion to Dismiss</u> [#13] is hereby GRANTED and the petition is hereby dismissed.

IT IS SO ORDERED.

December 15, 2014 /s/ Indira Talwani
United States District Judge